UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DION AUDINETTE,<br><br>　　　　　　　Petitioner,<br>vs.<br><br>DAVE DAVEY, Warden,<br><br>　　　　　　　Respondent. | No. CV 18-1850 AG (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE<br><br>DENYING CERTIFICATE OF APPEALABILITY |

On or about March 2, 2018, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The petition challenges petitioner's 2015 conviction by the Los Angeles Superior Court.

The Court takes judicial notice of California Court of Appeal records for Case Number B267258 (located on the California Court of Appeal case information website, http://www.courts.ca.gov/courtsofappeal.htm) which show that an appeal remains pending before the California Court of Appeal challenging this conviction. *See Porter v. Ollison*, 620 F.3d 952, 945-55 (9th Cir. 2010) (courts may take judicial notice of state court records found on the internet).

/ / /

/ / /

/ / /

Generally, a federal court may not consider the merits of a habeas corpus petition challenging a state-imposed judgment unless the habeas petitioner has exhausted his state-court remedies with respect to every claim presented in the petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Exhaustion requires that the petitioner fairly present each claim in the petition to the highest court of the state that imposed the challenged judgment. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Because petitioner's case is not yet final on appeal, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. *Id.* at 633. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. *Id.* The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal,

2

that appeal may result in the reversal of the petitioner's conviction on
some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Because petitioner's direct appeal is still pending, *Sherwood* requires that the petition be dismissed. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2014) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." (citations omitted)).

## **DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a certificate of appealability ("COA") should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that the judgment of conviction is

under appeal in the state courts. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

529 U.S. at 485.

Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that under *Sherwood* the Petition must be dismissed.

///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 30, 2018

_____
ANDREW GUILFORD
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge