UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRANDON DION AUDINETTE, | Case No. 2:18-1850 AG (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE RE DISMISSAL DUE TO UNEXHAUSTED CLAIMS |
| KEN CLARK, Warden,[1] | |
| Respondent. | |

## I. **<u>BACKGROUND</u>**

On February 28, 2018, petitioner Brandon Dion Audinette ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. 2254 ("Petition"). [Dkt. No. 1]. The Petition does not clearly state the grounds for relief within the form itself, but rather, refers to exhibits attached to the

---

[1] The Court <u>sua sponte</u> **directs** the Clerk of Court to update the case caption to reflect Ken Clark as the proper Respondent. <u>See</u> Fed. R. Civ. P. 25(d); <u>see</u> <u>also</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 427 (2004) ("The default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

Petition. See [id., pp. 5-6, 9-241].[2] Therefore, the Court liberally construes the contents of the attached exhibits as Petitioner's grounds for relief.

In the exhibits, Petitioner attaches his state appellate briefs and petition for review, which allege the following two claims:

1. The trial court committed federal constitutional error by erroneously instructing the jury that Petitioner could be found guilty of conspiracy to commit murder based on implied malice without a finding of intent to kill ("Ground 1"); and

2. The trial court prejudicially violated Petitioner's federal constitutional and state-law rights by failing to instruction sua sponte on attempted voluntary manslaughter, based on sudden quarrel or heat of passion, as a lesser included offense of attempted murder ("Ground 2").

[Dkt. No. 1, pp. 11-49, 75-81].

In addition, Petitioner attaches a handwritten exhibit that alleges ineffective assistance of counsel, due process violations based on the reliability of a witness' identification, and a series of unintelligible claims ("Handwritten Exhibit"). [Id., pp. 50-73].

On May 31, 2018, Respondent filed a Motion to Dismiss Petition ("Motion to Dismiss") and lodged relevant portions of the state records. [Dkt. Nos. 6 and 7]. The Motion to Dismiss contends that the Petition is not wholly exhausted and should be dismissed unless the unexhausted claims are deleted. [Dkt. No. 6, p. 4]. In particular, Respondent argues that Ground 2 was not fairly presented to the California Supreme Court because Petitioner had joined by reference his codefendant's argument without

---

[2] All citations to electronically-filed documents refer to the CM/ECF pagination.

applying it to himself and the grounds for relief in the Handwritten Exhibit were never presented to the California Supreme Court. [Id., pp. 6-7].

On June 11, 2018, Petitioner filed pleadings titled, "Motion of Motion Objection to A.G. to Dismiss Petitioner" and "Notice of Appeal," which the Court construes as an Opposition to the Motion to Dismiss ("Opposition"). [Dkt. No. 10]. In the Opposition, Petitioner states to following:

> I wish to invite the Court to review issues also new laws which in fact applys to Petitioner case herein.
> 1. Right to Counsel
> 2. Competency to Stand Trial
> 3. 4th, 5th, 6th, 7th, 8th and 14 Amendment has been disregarded.
> 4. Evidentiary hearing. Identification. Due process violation. Miranda Rights.
> 5. Discovery and access to evidence.

[Dkt. No. 10, p. 2]. Petitioner asserts his rights to a fair trial and appeal and requests the Court review the Petition on the merits. [Id., pp. 1-2]. Petitioner includes a Notice of Appeal but does not address the exhaustion issues raised by the Motion to Dismiss. See [id.].

On June 18, 2018, by Order of the Chief Magistrate Judge, this matter was transferred to Magistrate Judge Autumn D. Spaeth for all further proceedings.

## II. THE EXHAUSTION REQUIREMENT

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Under the total

exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition is subject to dismissal without prejudice. See Rose, 455 U.S. at 522. A petitioner has the burden of demonstrating that he has exhausted available state remedies. See e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits"). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999) (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Respondent moves to dismiss only Ground 2 and the Handwritten Exhibit. Respondent does not assert lack of exhaustion as to Ground 1.

4

### III. **PETITIONER'S GROUND 2 IS EXHAUSTED**

After reviewing Petitioner's state appellate filings, the Court finds that Petitioner has fully and fairly presented to the California Supreme Court Ground 2, which asserts that the trial court erred when it did not instruct the jury on the attempted voluntary manslaughter based on a sudden quarrel or heat of passion as a lesser included offense of attempted murder. [Dkt. No. 1, p. 79]. Though it is a heavily disfavored method, the California Rules of Court permit state appellants to join and incorporate by reference arguments made in a petition for review "by another party in the same case or filed in the same case that raises the same or similar issues." Cal. R. Ct. 8.504(e)(3); see Cal. R. Ct. 8.200(a)(5) (permitting a party to "join in or adopt by referral all or part of a brief in the same or a related appeal" before the California Court of Appeal). Here, Petitioner's codefendant briefed and argued whether the trial court prejudicially violated their federal constitutional and state law rights by filing to instruct <u>sua sponte</u> on attempted voluntary manslaughter, based on sudden quarrel or heat of passion, as a lesser included offense of attempted murder. [Dkt. No. 7-3, LD 3]. Petitioner joined and adopted his codefendant's arguments on direct appeal to the California Court of Appeal and the California Supreme Court. [Dkt. No. 1, pp. 16, 47, 79].

Respondent argues that Petitioner's joinder of his codefendant's argument was insufficient to exhaust Ground 2. Respondent asserts that "the California Supreme Court will not consider claims that are not supported by legal arguments and citation to authority." [Dkt. No. 6, p. 6]. Respondent proffers the California Supreme Court decision in <u>People v. Bryant</u>, 60 Cal. 4th 335 (2014), which questions whether "cursory and unfocused" statements are sufficient for joinder under the California Rules of Court. <u>Bryant</u>, at 363-64. Moreover, Respondent argues that, even if the California Supreme

Court had accepted the joinder, the claim would still be unexhausted because Petitioner failed to discuss the error as it applies to him. [Dkt. No. 6, p. 6-7]. "Without that discussion, a joinder in a codefendant's arguments 'does not constitute fair presentation of those arguments for purposes of exhaustion.'" [Id., p. 7 (citing Thalheimer v. Grounds, 2014 WL 2465192, *4 (C.D. Cal. May 30, 2014); Rossier v. Cavazos, 2012 WL 1535753, at *4 (C.D. Cal. Mar. 20, 2012)].

In this instance, the Court distinguishes Petitioner's joinder of Ground 2 from the cases relied on by Respondent in the Motion to Dismiss. The Bryant Court disapproved of but ultimately accepted blanket joinder statements from codefendants even when "there are likely to be instances when a particular claim simply does not apply to all defendants." Bryant, 60 Cal.4th at 364 ("solely to avoid further delay"). In both Thalheimer and Rossier, the Court found petitioners' joinders insufficient for exhaustion purposes because the petitioners had joined their codefendants cumulative error claims without applying the facts and circumstances to their particular case. Thalheimer, 2014 WL 2465192, at *4; Rossier, 2012 WL 1535753, at *4.

Here, Petitioner joined the one appellate argument asserted by his codefendant where the factual and legal underpinnings are essentially the same for both of them. Petitioner and his codefendant were convicted on the same three charges in a joint trial. [Dkt. No. 7-1, LD 1, P. 3]. In fact, the joined argument is worded as not to differentiate the defendants' roles in the offense. See [Dkt. No. 7-3, LD 3]. Therefore, the trial court's instructions, or failure to instruct, applied equally to the facts and circumstances of their shared case. In fact, the Court of Appeals decision directly addresses the claim and discusses the fact that Petitioner asserted the issue by way of joinder without additional argument. As a result, the Court of Appeals noted "we confine our discussion to

6

Gaither's arguments." [Dkt. No. 7-1, LD 1, p. 14]. As such, the California Rules of Court permitted Petitioner's joinder of his codefendants appellate arguments on direct appeal. To the extent Petitioner does not assert any new arguments over and above those considered by the Court of Appeals, the Court finds his joinder suffices to exhaust the claim.

## IV. PETITIONER'S REMAINING GROUNDS FOR RELIEF ARE UNEXHAUSTED

The Court finds that Petitioner did not present to the California Supreme Court the grounds presented to this court in his Handwritten Exhibit. [Dkt. No. 1, pp. 50-73]. Petitioner did not argue the bases for those claims in any of his briefs on direct appeal to the California Court of Appeal or the California Supreme Court. See [Dkt. No. 1, pp. 11-49, 75-81]. Therefore, it appears that Petitioner has failed to fairly present the remaining grounds for relief to the California Supreme Court and fully exhaust his available state court remedies.

## V. PETITIONER'S OPTIONS

The Petition is subject to dismissal for lack of exhaustion because Grounds 1 and 2 are exhausted, while the grounds for relief in the Handwritten Exhibit are unexhausted. As such, this is a mixed petition. However, Petitioner may request a stay of the Petition, rather than its dismissal. Petitioner has the following options:

### A. Option 1

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner is advised, however, that there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" application

for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under Section 2244(d) while a petition is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 172-75 (2001) (noting that unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations). Petitioner is cautioned that a dismissal may result in the later inability to pursue a federal habeas petition as untimely under the AEDPA statute or limitations. Petitioner should review the application of the statute of limitations prior to selecting this Option.

### B. <u>Option 2</u>

Petitioner may voluntarily dismiss only the unexhausted portion of his Petition, <u>i.e.</u> the Handwritten Exhibit, [Dkt. No. 1, pp. 50-73], and elect to proceed on Grounds 1 and 2. The Court advises Petitioner, however, that if Petitioner elects to proceed now with only the two exhausted claims, any future habeas petitions containing other claims that could have been raised in the instant Petition may be rejected as a second or successive petition under 28 U.S.C. § 2244(b) or may be time-barred.

### C. <u>Option 3</u>

Petitioner may request to stay the proceedings and hold the petition in abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). In <u>Rhines</u>, the Supreme Court held that, in certain "limited circumstances," courts have the discretion to stay a "mixed petition" containing both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court. The Ninth Circuit has further held that the <u>Rhines</u> stay and abeyance procedure is not limited to mixed petitions and "a district court has the discretion to stay and hold in abeyance fully

unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

To obtain a stay pursuant to Rhines, Petitioner is required to show the following: (1) good cause for failing to exhaust the unexhausted claims in state court; (2) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (3) Petitioner has not engaged in abusive litigation tactics or intentional delay. Rhines, 544 U.S. at 277-78. The granting of the Rhines stay will result in an order requiring Petitioner to exhaust his unexhausted claims in state court and this action may be administratively closed pending the filing of a motion from Petitioner to vacate the stay, demonstrating that his claims have been exhausted.

The Court makes no representation as to whether Petitioner can meet the required showings for a Rhines stay.

**D.     Option 4**

Petitioner may also request a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007)). Under Kelly, Petitioner may dismiss his unexhausted claim and request the Court stay his remaining, exhausted claims while he returns to the state courts to exhaust his dismissed claim. Kelly, 315 F.3d at 1070. Once the claim has been exhausted in state court, Petitioner may then return and add it by amendment to the stayed federal petition. Id. However, Petitioner is advised that he will only be able to amend his newly exhausted claim back into the instant Petition if the claim is timely or if the claim "relates back" to the claims already in the Petition. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (holding that claims relate back "[s]o long as the original and amended petitions state claims that are tied to a common core of operative fact . . . ").

If Petitioner is granted a stay under either Rhines or Kelly, the Court may require Petitioner to file periodic status reports regarding his efforts to exhaust his claims. Petitioner is further cautioned that if the Court denies his request for a stay, the Court may recommend that the Petition be dismissed. As such, Petitioner may select alternative options in the event the Court denies the request for a stay.

**VI. CONCLUSION**

Based upon all of the above, the Court **ORDERS** the following:

(1) Respondent's Motion to Dismiss is **DENIED**; and

(2) Petitioner shall file a response, within **thirty (30) days** of the entry of this Order, specifying which of the options he wishes to pursue.

To select Option 1, voluntary dismissal, Petitioner may use the attached Notice of Dismissal Form. The Clerk is directed to attach a blank copy of the Notice of Dismissal form (CV-09) for Petitioner's convenience.

To select Option 2, Petitioner must clearly state he is selecting Option 2 and is voluntarily dismissing the grounds for relief set out in the Handwritten Exhibit attached to the Petition, [Dkt. No. 1, pp. 50-73].

To select Option 3, the Rhines stay, Petitioner must file a motion that clearly states he is selecting Option 3 and setting forth all of the facts and arguments necessary to obtain a Rhines stay including good cause for his failure to have exhausted his claim before filing the instant Petition, explaining why the claim is not plainly meritless, and disavowing use of dilatory tactics.

To select Option 4, the Kelly stay, Petitioner must 1) file a motion that clearly states he is selecting Option 4 and setting forth all of the facts and arguments necessary

to obtain a <u>Kelly</u> stay, and 2) include as an exhibit an amended petition that does not include the unexhausted grounds;

    (3)    If Petitioner files a motion for a stay, Respondent may file a single response in opposition or non-opposition within fourteen (14) days of Petitioner's filing; and

    (4)    In the event Petitioner fails to timely file a response as directed in this Order, Respondent shall file another Motion to Dismiss or responsive pleading by no later than **sixty (60) days** of the date of entry of this Order.

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Court issuing an order to show cause why the case should not be dismissed for the reasons stated above and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b) <u>or dismissing the case on Respondent's renewed motion to dismiss</u>.**

**IT IS SO ORDERED.**

Dated: March 18, 2019                            /s/ Autumn D. Spaeth
                                                                   THE HONORABLE AUTUMN D. SPAETH
                                                                   United States Magistrate Judge